UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARA WINSTON, on behalf of herself and all others similarly situated, | ) CASE NO.: 1:17-CV-00628 <br> ) <br> ) JUDGE PATRICIA A. GAUGHAN |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| NORTHEAST HOME HEALTH SERVICES LLC | ) **DECLARATION OF CLASS COUNSEL** <br> ) **CHASTITY L. CHRISTY** <br> ) <br> ) |
| Defendant. | ) |

I, Chastity L. Christy, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following is true and correct to the best of my personal knowledge, information, and belief:

1. I am one of the attorneys who represents Representative Plaintiff Chara Winston, the Existing Opt-In Party Plaintiffs, and the Eligible Settlement Participants who elect to participate in the Settlement ("Class Members").

**Professional Experience**

2. Since September 8, 2015, I have been employed as an attorney with The Lazzaro Law Firm, LLC. The firm litigates collective actions, class actions and individual cases for employees with overtime and minimum wage claims.

3. The firm commonly handles claims that include misclassifying employees as exempt or as independent contractors; failing to pay for off-the-clock-work, pre-shift and post-shift work, changing into and out of uniforms, meal periods, short rest periods and travel time; improper rounding of start and stop times; and improper tip pooling.

4. Since 2006, the firm has recovered over $35 million in settlement payments on behalf of employees.

5. The firm has litigated approximately 100 certified collective and class actions against major corporations such as 1-800-Flowers, Inc., Aarons, Inc., Aldi, Inc., Forever 21, Nestlé, Papa John's USA, Inc., Progressive Casualty Insurance, and RadioShack Corp.

6. The firm has also filed approximately 20% of all of the Fair Labor Standards Act cases brought in the U.S. District Court for the Northern District of Ohio.

7. From July 31, 2008 through August 14, 2015, I was employed as an attorney with Caryn Groedel & Associates, Co., LPA, representing employees in employment-related matters, including wage and hour matters.

8. From March 2004 through July 29, 2008, I was employed as an Associate, and then a Partner, at Zipkin Whiting Co., LPA, which is a Plaintiff's employment law firm.

9. I graduated from Case Western Reserve University School of Law in 2003, and have been licensed to practice law in the State of Ohio since November 2003.

10. I am a member in good standing of the bars of the Ohio Supreme Court, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Northern District of Ohio, and the United States District Court for the Southern District of Ohio.

11. I am a member of the Ohio Employment Lawyers Association and the Cleveland Employment Lawyers Association.

12. Since my admission to the practice of law, I have practiced almost exclusively in litigating on behalf of employees in various employment-related matters.

13. From March 2004 through the present, I have successfully litigated or assisted in litigating hundreds of employment-related matters in federal, state, and appellate courts, as well

as arbitrations, and have recovered millions of dollars in settlement payments on behalf of employees.

14. From 2012 through 2017, I have been named an Ohio Super Lawyers Rising Star, which is a designation awarded to the top 2.5% of all attorneys in the State of Ohio who are 40 years of age or under, or who have been practicing law for 10 years or less.

15. I was selected to speak at multiple National Business Institute seminars and in the CMBA's 16th Annual Northern Ohio Labor & Employment Law Conference, presenting on various topics, including, but not limited to, litigating employment claims from start to finish, employment discrimination law, latest developments in employment law, and the Fair Labor Standards Act.

### *Chara Winston, et al. v. Northeast Home Health Services LLC*
### Factual and Procedural Background

16. On March 24, 2017, Representative Plaintiff Chara Winston filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant failed to pay its home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

17. I have vigorously represented Representative Plaintiff and the Class Members in this action, have conducted a significant investigation of the claims at issue, and have obtained a thorough familiarity with the factual and legal issues presented in this case.

18. The Parties engaged in substantial investigation prior to negotiating the Settlement. Prior to filing the Action, Class Counsel performed a significant amount of research

and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant. After filing the Action, relevant information was exchanged, including a complete analysis of each Class Member's overtime damages.

19. Throughout the month of April 2017, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included the calculations of Plaintiff's, the Existing Opt-In Party Plaintiffs', and the Eligible Settlement Participants' overtime damages.

20. The Parties engaged in extensive legal discussion and correspondence surrounding the Final Rule, providing legal authority and arguments on both sides, which included numerous and lengthy discussions, written communications, and a meeting between counsel for the Parties.

21. Thus, the legal issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

22. During the month of April, the Parties engaged in extensive settlement negotiations, and on April 26, 2017, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

## The Settlement is Fair and Reasonable

23. From my experience litigating this case, and with my experience litigating numerous other wage and hour actions, I believe that the proposed Settlement is in the best interests of Class Members.

24. I also believe that the proposed Settlement is a fair, adequate and reasonable compromise of disputed claims.

25. If approved by the Court, the Settlement will cover Representative Plaintiff, the Existing Opt-In Party Plaintiffs, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

26. The Total Eligible Settlement Amount is Forty-Six Thousand Nine Hundred Seventy-Seven Dollars and Three Cents ($46,977.03), which sum will cover: (a) all of the Individual Payments to the Class Members; and (b) Class Counsel's attorneys' fees and expenses.

27. Thirty-One Thousand Nine Hundred Seventy-Seven Dollars and Three Cents ($31,977.03) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members. The Individual Payments will be calculated proportionally on each Class Member's overtime damages Calculation Period, as calculated by Defendant and approved by Class Counsel. The Individual Payments are provided in Appendix 1 of the Settlement. Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

28. If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for unpaid overtime compensation. From January 1, 2015 to March 10, 2017, Plaintiff alleges that he and the Class Members were allegedly denied $31,977.03 in overtime compensation for the hours they worked and were only paid straight time, as calculated by Defendant and approved by Class Counsel. These figures assume that the

Class Members were not compensated at the rate of one and one-half their regular rate of pay for hours worked over 40, but were compensated at their regular rate of pay.

29. Pursuant to the Settlement, each Class Member who participates in the Settlement will receive 100% of their alleged overtime damages for time spent at client appointments from January 1, 2015 through March 10, 2017.

30. Within seven (7) days after the consent period is completed, a Schedule of Individual Payments to the Class Members will be filed with the Court.

31. This Settlement provides immediate and substantial relief without the attendant risks and delay of continued litigation and appeals.

32. The Parties continue to disagree over the merits of Plaintiffs' claims and the effective date of the DOL's Final Rule.

33. The services rendered to Plaintiffs and the Class Members reflect the significant experience Class Counsel has with litigating collective and class actions, as discussed above.

34. Had this case not settled, Class Counsel would have vigorously litigated the case without any promise of success and compensation. In the instant case, a bona fide dispute exists as to the effective date of the Department of Labor's Final Rule relating to regulations revising the "companionship" exemption applicable to home care workers.

35. The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. The outcome is uncertain for the Class Members, and the risks of continued litigation are evident for both sides.

36. The Settlement provides for attorneys' fees and expenses to Class Counsel in the amount of Fifteen Thousand Dollars ($15,000.00). This fee award, inclusive of time spent administering the Class Settlement, approximates the firm's approximate lodestar amount.

37. Class Counsel's litigation expenses are expected to be approximately $1,250.00, after administration of the Notice to Class Members. All of the expenses were incurred, or will reasonably be incurred during the administration of the settlement, including the issuance of notice, and in the course of the litigation of this action for the purpose of preserving, proving, and presenting the claims of Plaintiff and the Class Members.

_____
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com

Signed in Cuyahoga County, Ohio,
This 7th day of June, 2017.